BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
TODD D. CARPENTER (234464)
600 W. Broadway, Suite 900
San Diego, California 92101
tcarpenter@bffb.com
Telephone:  (619) 756-6978

BONNETT, FAIRBOURN, FRIEDMAN
   & BALINT, P.C.
ELAINE A. RYAN (*To be admitted Pro Hac Vice*)
PATRICIA N. SYVERSON (203111)
2901 N. Central Ave., Suite 1000
Phoenix, AZ 85012
eryan@bffb.com
psyverson@bffb.com
Telephone:   (602) 274-1100

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TRAVIS BENWARE, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>HUGO BOSS, U.S.A., Inc., a Delaware corporation,<br><br>Defendant. | Case No.: **'12CV1527 L     MDD**<br><br>**CLASS ACTION**<br><br>1.  VIOLATION OF THE FAIR AND ACCURATE CREDIT TRANSACTION ACT; 15 U.S.C. §1681c(g)<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Travis Benware brings this action on behalf of himself and all others similarly situated against Defendant Hugo Boss U.S.A., Inc. and states:

### NATURE OF ACTION

1. Congress amended the Fair Credit Reporting Act ("FRCA") in 2003 through the passage of the Fair and Accurate Credit Transactions Act ("FACTA"). FACTA was enacted to curb identity theft and fraud by requiring businesses and merchants who accept debit cards and credit cards (collectively, "payment cards") for the purchase of merchandise to truncate the *expiration date* and all but the last 5 digits of the payment card

number from all payment card receipts electronically printed during the transaction. *See* 15 U.S.C. § 1681c(g)(1)(emphasis added).

2. Congress enacted FACTA with the intent of helping to prevent the possibility of thieves stealing the identity of another by obtaining one's payment card number and the expiration date of the payment card. Businesses generally require one's payment card number and the expiration date of that payment card to transact business. Access to both the card number and the expiration date of the card makes it easier for a thief to commit identity theft.

3. This truncation requirement was specifically intended to protect consumers from the likes of dumpster divers and other would-be perpetrators of identity theft and credit card fraud by making it more difficult to obtain discarded receipts that contain a card owner's entire card number and/or expiration date.

4. The truncation of the expiration date of the payment card prevents would-be identify thieves from one piece of a card holders' full payment card profile, which includes: the consumer's name, address, payment card number, expiration date, and/or the security pin.

5. Defendant Hugo Boss U.S.A. Inc. ("Hugo Boss") is a group of U.S. based, wholly owned subsidiaries of Hugo Boss Germany, which is a designer and manufacturer of high-end men's and women's clothing and apparel. Hugo Boss sells the clothing and apparel in over 70 retail outlets throughout the United States.

6. Despite being a sophisticated merchant, who routinely and in the course and scope of its normal business practices accepts both debit and credit cards for the purchase and sale of merchandise, Hugo Boss fails to comply with FACTA in that it does not truncate the expiration date of payment cards on the electronically printed receipts it provides to customers at the point of sale.

7. As alleged more fully herein, Hugo Boss is aware of the truncation requirements proscribed by 15 U.S.C. § 1681c(g)(1), but willfully disregards them by

2

printing the entire expiration date of its customers' payment cards on the customer's electronically printed payment card receipts at the point of sale in each of its retail establishments throughout the country.

8. A "willful" violation of FACTA, 15 U.S.C. §1681c(g)(1), imposes mandatory statutory damages for each violation. The minimum amount of damages is $100.00 per violation up to a maximum of $1,000.00 per violation.

## JURISDICTION AND VENUE

9. This Court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(2). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which there are in excess of 100 Class Members and some of the members of the Class are citizens of states different from Hugo Boss.

10. This Court has personal jurisdiction over Hugo Boss because Hugo Boss is authorized to do and does business in California. Hugo Boss has marketed, promoted, distributed, and sold men's and women's high-end retail clothing and apparel in California and Hugo Boss has sufficient minimum contacts with this State and/or sufficiently avails itself of the markets in this State through its promotion, sales, distribution and marketing within this State to render the exercise of jurisdiction by this Court permissible. Further, thousands of retail payment card purchases were transacted within the State of California. Hugo Boss willfully violated 15 U.S.C. §1681c(g)(1) in a systematic, routine basis at its California retail stores, and continues to do so to this day.

11. Venue is proper in this Court pursuant to 28 U.S.C. §§1391(a) and (b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred while he resided in this judicial district. Venue is also proper under 18 U.S.C. §1965(a) because Hugo Boss transacts substantial business in this District.

## PARTIES

12. Plaintiff Travis Benware resides in San Diego County, California. On approximately March 23, 2012, Plaintiff Benware made a purchase with a payment card at

a Hugo Boss retail store in the Fashion Valley Mall in San Diego. After handing the Hugo Boss employee the merchandise at the cash register, the merchandise was scanned and the employee requested payment from Mr. Benware. Mr. Benware presented his payment card and the employee completed the purchase transaction. Mr. Benware received his copy of the merchandise receipt. The receipt contained, among other things, the last four digits of his credit card number and the four-digit expiration date of his credit card. The payment card number was properly truncated, in accordance with 15 U.S.C. §1681c(g)(1) – meaning, 12 of the 16 digits of his payment card were crossed out (by way of example: "XXXX-XXXX-XXXX-1234). The remaining four digits were not. However, his entire four-digit expiration date was electronically printed and un-redacted in violation of 15 U.S.C. §1681c(g)(1).

13. Defendant Hugo Boss USA, Inc. is a Delaware corporation, with its headquarters at 601 West 26th Street 8th Floor, New York, NY 10001. Hugo Boss is an extremely successful high-end retailer of men's and women's clothing and fashion apparel. Hugo Boss owns and operates over 70 retail stores in shopping malls, outlet centers and stand-alone brick and mortars. Hugo Boss, U.S.A. is a sophisticated merchant which also generates sales through its website and routinely accepts credit and debit cards for the payment of goods and apparel.

**FACTUAL ALLEGATIONS**

**History of FCRA and FACTA**

14. The FCRA was passed in 1970 in part "to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." Fair Credit Reporting Act (FCRA), 15 U.S.C.§§ 1681–1681x (2006). However, as identity theft increasingly affected U.S. consumers through the early 1990s, critics of FCRA were concerned that FCRA did very little, if anything, to

prevent identify theft from occurring.

15.     The Fair and Accurate Credit Transactions Act of 2003 ("FACTA") was enacted in part to address the security practices of merchants who accept payment cards (credit and debit). FACTA targets a very narrow problem; the publication of credit card numbers and expiration dates on electronically printed (not handwritten) credit card and debit card receipts. Congress amended the Fair Credit Reporting Act ("FCRA") in 2003 through passage of the Fair and Accurate Credit Transactions Act ("FACTA"), which focuses on curbing identity theft and credit card fraud. Several provisions within FACTA are specifically intended to combat identity theft and empower consumers to better monitor their credit and financial situations. *See* The Federal Trade Commission's "FTC ISSUES FINAL RULES ON FACTA IDENTITY THEFT DEFINITIONS, ACTIVE DUTY ALERT DURATION, AND APPROPRIATE PROOF OF IDENTITY, http://www.ftc.gov/opa/2004/10/facataidtheft.shtm (last viewed June 20, 2012).

16.     FACTA included provisions that permitted consumers to acquire one free credit report on an annual basis from each of the three major credit reporting agencies, Equifax, Experian, and TransUnion. FACTA also established "fraud alerts," which permit customers to "flag" their credit files if they feel they are at risk of identity theft. *See generally*, 15 U.S.C. §1681c1-2.

17.     Most importantly, FACTA mandated the truncation of vital account information on credit and debit card receipts.

18.     Section 1681c(g)(1) of the FCRA – enacted as part of FACTA – requires businesses to mask credit and debit card numbers and suppress the printing of card expiration dates on electronically printed consumer receipts as follows:

> (1)     In general.  Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number ***or the expiration date*** upon any receipt provided to the cardholder at the point of sale or transaction.

5

(2) Subsection (g)(2) provides that these requirements **apply only to electronically *printed* receipts**, and do not apply to transactions where the sole means of recording the account number is by handwriting or an imprint of the card.

*See* 15 U.S.C. § 1681c(g)(1)-(2)(emphasis added).

19. Any person who ***willfully*** fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of:

(1) (A) any actual damages sustained by the consumer as a result of the failure or damages of ***not less than $100 and not more than $1,000***; or
(B) in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $1,000, whichever is greater;

(2) such amount of punitive damages as the court may allow; and

(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

*See* 15 U.S.C. §1681(n) (emphasis added).

20. A private right of action exists under 15 U.S.C.§1681c(g)[1]

**The Risks of Identify Theft FACTA Helps to Prevent**

21. The FTC estimates as many as 9 million Americans have their identity stolen each year. The FTC recognizes that "theft" and "dumpster diving" are two of the most prevalent sources of identity theft. *See* http://www.ftc.gov/bcp/edu/microsites/idtheft/consumers/about-identity-theft.html. (last visited on June 20, 2012).

22. The act of "dumpster-diving," occurs when perpetrators sift through

---

[1] Every court to consider whether a private right of action exists under the section at issue here, 15 U.S.C. § 1681c(g), has decided that it does. *See, e.g., Arcilla v. Adidas Promotional Retail Operations, Inc*., 488 F. Supp. 2d 965, 969 (C.D.Cal. 2007); *Leowardy v. Oakley, Inc.,* SACV 07-53 CJC, 2007 U.S. Dist. LEXIS 31229 (C.D.Cal. Apr. 10, 2007) (in chambers) (denying motion to dismiss § 1681 c(g) based upon alleged lack of private right of action); *Eskandari v. IKEA U.S., Inc.,* No. SACV 06-1248 JVS, 2007 U.S. Dist. LEXIS 23007, 2007 WL 845948, *2 (C.D. Cal. Mar. 12, 2007); *Aeschbacher v. Cal. Pizza Kitchen,* No. CV 07-215 VBF, 2007 U.S. Dist. LEXIS 34852 (C.D. Cal. Apr. 3, 2007).

dumpsters and trash bins outside businesses and residences to look for documents and discarded receipts that can divulge a variety of personal information, such as phone numbers, social security numbers, financial account numbers, and credit card numbers. A popular method of carrying out credit card fraud by this method occurs when the perpetrator finds a discarded pre-approved credit card offer along with the information necessary to activate the card in the victim's name. Victims often do not think twice about throwing away these types of pre-approved offers, as well as bills, credit card statements, and bank statements. *See* Northwestern Journal of Technology and Intellectual Property (2011), §B3, Paragraphs 18-19.

23. Perpetrators of identity theft can readily assemble the pieces of a customers' payment card profile (including the payment card number and expiration date), using, among other things: 1) discarded receipts which contain the expiration dates of payment cards; 2) discarded debit card bank account credit card account statements; or 3) other personal documents which contain references to the payment card number.

24. Once assembled, identity thieves are able to make "Card-Absent" purchases over the phone or through direct mail with only a limited amount of information from the victim related to their payment card profile, including minimal personal identification information, a payment card number and expiration date.

25. For example, despite the fact many businesses and merchants require the full credit card number, expiration and security pin of a debit or credit card to complete purchases, several merchants do not require the security pin[2].

---

[2] Security pin, in this context, refers to an additional code, found today on most major credit cards, which is often required to make a card-not-present (*e.g.*, online, over-the-phone) purchase. Different credit card issuers refer to it through a host of remarkably similar acronyms and names, such as Card Verification Value (CVV), Card Verification Code (CVC or CVC2), Card Code Verification (CCV), *etc*. This additional security measure helps to combat credit card fraud in cases where the perpetrator has only the card owner's name, credit card number, and expiration date off a receipt, as the security code is not usually printed on receipts. However, a variety of fraud methods are able to procure this code, so it is by no means a perfect safeguard. *See* Northwestern Journal of Technology and Intellectual Property (2011), §B3, Paragraph19. *citing,*

26. Unlike in situations where the payment card is present at the point of sale, "Card-Absent" transactions present identity thieves a multitude of opportunities to exploit their ill-gotten bounties by making illicit purchases. The growth of the mail order, telephone order (MO/TO), and Internet merchant channels means increasing numbers of merchants are now processing transactions in situations where the card and cardholder are not present—and fraud may be especially difficult to detect. *See* Exhibit "A", Card Acceptance Guidelines for Visa Merchants; Section 3: Card-Absent Transactions, p. 46. However, Credit Card providers, including Visa, instruct their merchants at a minimum to collect only: the card account number; the customers' name; the card expiration date as it appears on the card; and the cardholder's statement address. Conspicuously absent from these minimal requirements is the "pin number" generally located on the back of the card.

27. In 2006, the FTC commissioned the 2006 Identity Theft Survey Report. As a result of this report, the FTC estimated that although 50% of identity theft victims do not incur "out of pocket expenses," victims of all types of identity theft spent hours of their time resolving the various problems that result from identity theft, and some victims incurred substantial out-of-pocket expenses, including lost wages, legal fees, payment of fraudulent debts, and miscellaneous expenses such as notarization, copying and postage. *See* F.T.C.: 2006 Identity Theft Survey Report, p. 6; http://www.ftc.gov/os/2007/11/SynovateFinalReportIDTheft2006.pdf (last visited on June 20, 2012).

**The Implementation of FACTA and the Effect of the "Clarification Act"**

28. FACTA was enacted as part the Fair Credit Reporting Act on December 4, 2003. Congress provided that it would take effect in two phases. With respect to cash registers installed on or after January 1, 2005, compliance was required immediately, while registers in use before that date were required to become compliant beginning on

---

*e.g.*, *Security Features*, VISA, http://www.visa.ca/en/merchant/pdfs/security_features.pdf (last visited Aug. 25, 2011).

December 4, 2006.  *See* 15 U.S.C. § 1681c(g)(3).  The truncation requirement was phased in over time to allow large and small businesses to conform to the requirements and update the cash registers and/or Payment Card Industry terminals in service.  Shortly after FACTA took effect in December of 2006, hundreds of class action lawsuits were filed in federal courts alleging violations of §1681c(g).

29.  In 2008, almost five years after the passage of FACTA, Congress enacted the "Credit and Debit Card Receipt Clarification Act" ("Clarification Act").  The Clarification Act was in direct response to the "hundreds of lawsuits" that were filed against merchants after the effective date of FACTA, alleging that merchants' "failure to remove the expiration date was a willful violation" of the statute, even though the account number was properly truncated.  *See* Clarification Act § 2(a)(4), 122 Stat. at 1565.  Congress found that many merchants mistakenly believed that § 1681c(g) would be satisfied <u>solely by truncating the card number</u> and <u>not the expiration date</u>.  *Id*. at § 2(a)(3), 122 Stat. at 1565 (emphasis added).

30.  The Clarification Act provided merchants and businesses a one-time safe harbor from FACTA compliance by allowing them additional time to come into compliance with the truncation requirement for payment card expiration dates.  The new statute added a subsection (d) that amended FACTA to state that any merchant who printed an expiration date, but otherwise complied with FACTA, between the dates of December 4, 2004 and June 3, 2008, shall not be deemed in willful noncompliance with §1681c(g).  *Id*. at § 3(a) (codified at 15 U.S.C. § 1681n(d)), 122 Stat. at 1566.  The Clarification Act essentially moved the effective compliance date from December of 2006 to June 3, 2008.

31.  Importantly, the Clarification Act did not remove or in any way alter the mandate of 15 U.S.C. § 1681c(g)(1), requiring all business and merchants to truncate the customer's payment card expiration date on all electronically printed receipts made at the point of the sale and it did not excuse any violations on a going forward basis. Specifically, the quoted subsection (d) language applied only to a "person who printed an expiration

9

date on any receipt provided to a consumer cardholder at a point of sale transaction between December 4, 2004 and the date of the enactment of this subsection," - which occurred on June 3, 2008. Thus, the printing of a payment card's expiration date *after* June 3, 2008 is a violation.

32.     Critically, Congress did not amend the substantive provision of FACTA so that printing both five digits of the card number and the expiration date would be expressly compliant. It merely said doing so prior to June 3, 2008 would not be "willful non-compliance". This limitation demonstrates such conduct after June 3, 2008 could be "willful non-compliance".

**Hugo Boss' Willful Violation of FACTA's Truncation Requirement (15 U.S.C. § 1681c(g)(1))**

33.     Statutory damages under § 1681n depend on a violation being "willful"[3]. An action is "willful" when the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless. A willful violation is can be reckless, *i.e.* something more than negligence but less than knowledge of the law's requirements[4].

34.     Hugo Boss was aware of the truncation requirements mandated by FACTA, (15 U.S.C. § 1681c(g)(1)).  In fact, it was Hugo Boss' routine custom and business practice

---

[3] The Supreme Court defined "willful," as that term is used in §1681n, in *Safeco Insurance Co. v. Burr*, 551 U.S. 47, 69, 127 S.Ct. 2201, 167 L.Ed.2d 1045 (2007), concluding that a practice is willful when "the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless."  The standard set forth in the Supreme Court's decision in *Safeco Insurance Co. of America v. Burr*, which held that willful violations of the Fair Credit Reporting Act (FCRA) are assessed for reckless disregard, applies to all violations of the FCRA (including FACTA); abrogating *Perez v. Trans Union, LLC*, 526 F.Supp.2d 504. *Cortez v. Trans Union, LLC,* C.A.3 (Pa.) 2010, 617 F.3d 688.

[4] *See Murray v. New Cingular Wireless Services, Inc.* 523 F.3d 719, 726 (7th Cir. 2008) (*citing Safeco Insurance Co. v. Burr* 551 U.S. 47 (2007).

10

to truncate twelve of the sixteen digits of customers' payment card receipts at the point of sale, thereby complying with one part of FACTA's truncation requirements.

35. Despite its knowledge or effort to comply with FACTA, Hugo Boss willfully violated Plaintiff's and Class Members' rights to receive payment card receipts with the expiration dates of their payment cards fully truncated. Hugo Boss violated Section 15 U.S.C. § 1681c(g)(1) by failing to truncate the expiration date of Plaintiff's payment card and those of the proposed Class. No objective reading of the statute would lead Hugo Boss to conclude that it is permissible to electronically print the expiration dates of its customers' payment cards on their receipts at the point of sale.

36. Ignorance of the requirements will not excuse Hugo Boss' liability, especially in light of its partial or half-hearted compliance. Further, several pertinent sources were either provided to Hugo Boss or readily available to it which would have instructed the same with respect to the truncation of expiration dates.

37. Hugo Boss accepts Visa and Master Card credit cards and debit cards for payment in all of its retail stores[5]. Hugo Boss is a "Visa Merchant" by virtue of accepting Visa branded credit and debit cards as tender for merchandise. The Visa "Card Acceptance Guidelines for Visa Merchants © 2011" instructs its merchants to:

> **Ensure that the Visa account number is suppressed in accordance with Visa rules and local laws and regulations.** Visa recommends that all but the last four digits of the account number be suppressed on the cardholder copy of the transaction receipt, unless otherwise required under local law.
>
> *The expiration date should not appear at all on the cardholder copy of the transaction receipt.* Existing point-of-sale terminals must comply with these requirements. To ensure that your point-of-sale terminals are properly set up for account number and expiration date suppression, contact your

---

[5] In fact, Hugo Boss represents on its online website that it "guarantee[] the highest levels of security" by offering "MasterCard and VISA customers participation in the 3D Secure process – an internationally recognized standard for online credit card payments: The "Verified by Visa" and "MasterCard® SecureCode™" procedures allow the cardholder to authenticate the transaction using a personalized password, known only to the cardholder." *See* http://store-us.hugoboss.com/Payment/payment,en_US,pg.html. (Last visited: June 20, 2012).

acquirer.

*See* Exhibit, "A"; Card Acceptance Guidelines for Visa Merchants; Section 1, p. 13; "Suppressed Account Number and Expiration Date" (italicized emphasis added).

38. Further, the FTC publishes a set of guidelines for businesses to assist them in protecting the personal information of consumers. *See* Exhibit, "B," "Protecting Personal Information: A Guide For Business". These guidelines instruct:

> The law requires you to shorten—or truncate—the electronically printed credit and debit card receipts you give your customers. You may include no more than the last five digits of the card number, ***and you must delete the expiration date.***

*Id*. at p. 7 (emphasis added).

39. Hugo Boss' violations occurred and continue to occur to this day, more than three years following the effective date (Jun 3, 2008) of the "Clarification Act".

40. Upon information and belief and investigation, Hugo Boss is violating FACTA in multiple store locations and in multiple states.

41. Visa, Master Card and other credit companies and vendors of credit and debit card processing machines inform retailers, such as Hugo Boss, of FACTA's requirements.

42. Hugo Boss competitors and business peers are compliant with the requirements of FACTA.

43. Despite its sophistication as a high-end retailer, its knowledge of the requirements, its attempts to comply with the requirements, and its contractual partners' mandate(s) that it follow the requirements, Hugo Boss remains willfully noncompliant with FACTA's truncation requirements.

44. Further, despite the law's initial enactment in 2003, it did not go into effect until December of 2006 and then the compliance deadline for truncation requirements was extended by the Clarification Act until June of 2008. Yet more than 8 years following its enactment, Hugo Boss remains incompliant. Hugo Boss systematically and routinely

violates this law by continuing to electronically print the expiration dates of its customers' payment cards on all payment card receipts generated as a result of purchases made in its retail stores. Its interpretation of § 1681c(g)(1) – which resulted in it truncating payment card numbers but electronically printing their expiration dates - is objectively unreasonable.

45. As a result, Plaintiff and the Class Members have been damaged in that Hugo Boss has deprived Plaintiff and members of the Class of a statutory right mandated by FACTA to receive receipts, which have properly truncated their payment card information. As a result of Hugo Boss' willful violation of the statute, Plaintiff and members of the Class are entitled to statutory damages in the amount of $100 to $1,000 per violation, punitive damages and attorneys' fees.

## **CLASS ALLEGATIONS**

46. Plaintiff brings this action on behalf of himself and all other similarly situated consumers in the United States pursuant to Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure and seeks certification of the following Class:

> All customers who, within the applicable statute of limitations, made a purchase at a Hugo Boss retail store in the United States and received an electronically printed receipt at the point of sale which did not truncate the expiration date of the customers' payment card.
>
> Excluded from the Class are Hugo Boss, its parents, subsidiaries, affiliates, officers and directors.

47. *Numerosity*. The members of the Class are so numerous that joinder of all members of the Class is impracticable. Plaintiff is informed and believes that the proposed Class contains thousands of customers who made a payment card purchase at a Hugo Boss retail store and received an electronically printed receipt without a truncated expiration date; and were thereby damaged by Hugo Boss' conduct as alleged herein. The precise number of Class Members is unknown to Plaintiff.

48.     ***Existence and Predominance of Common Questions of Law and Fact***. This action involves common questions of law and fact, which predominate over any questions affecting individual Class Members.  These common legal and factual questions include, but are not limited to, the following:

(a)     whether Hugo Boss electronically prints customer's receipts at the point of sale without truncating the expiration dates of their payment cards;

(b)     whether the alleged conduct violates FACTA § 1681 *et seq*;

(c)     whether Defendant's conduct was willful;

(d)     whether Plaintiff and Class Members are entitled to statutory damages, punitive damages, costs and/or other appropriate remedies, including attorneys' fees.

49.     ***Typicality***.  Plaintiff's claims are typical of the claims of the members of the Class because, *inter alia*, all Class Members had their rights violated through the uniform misconduct described above, were subject to Hugo Boss' violations of FACTA in the same manner and under identical circumstances (receiving an electronically printed receipt following the purchase of merchandise with a payment card at a Hugo Boss retail store).  Plaintiff is advancing the same claims and legal theories on behalf of himself and all members of the Class.

50.     ***Adequacy of Representation***.  Plaintiff will fairly and adequately protect the interests of the members of the Class.  Plaintiff has retained counsel experienced in complex consumer class action litigation, and Plaintiff intends to prosecute this action vigorously.  Plaintiff has no adverse or antagonistic interests to those of the Class.

51.     ***Superiority***.  A class action is superior to all other available means for the fair and efficient adjudication of this controversy.  The damages or other financial detriment suffered by individual Class Members is relatively small compared to the burden and expense that would be entailed by individual litigation of its claims against Hugo Boss. It would thus be virtually impossible for the Class, on an individual basis, to obtain effective redress for the wrongs done to them.  Furthermore, even if Class Members could

14

afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here..

52. Unless a Class is certified, the Class will not be fully compensated for Hugo Boss' statutory violation(s) and will undoubtedly continue to engage in the illegal conduct.

53. To the extent that any total award of statutory damages on a class-wide basis might be adjudicated as violating the Defendant's Due Process Rights under the United States Constitution, Plaintiff, on behalf of the putative class, expressly requests only those damages fully allowable under the Constitution.

## COUNT I
## Violation of 15 U.S.C. § 1681c(g)(1)

54. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

55. Plaintiff brings this claim individually and on behalf of the Class.

56. 15 U.S.C. §1681c(g)(1) requires businesses to truncate credit and debit card numbers and suppress the printing of credit card and debit card expiration dates on electronically printed customer receipts at the point of sale as follows:

> …[N]o person that accepts credit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

*See* 15 U.S.C. § 1681c(g)(1).

57. As described herein, Hugo Boss continuously and systematically fails to

comply with the requirements imposed on it by 15 U.S.C. § 1681c(g)(1) in the manner described herein.

58.     Hugo Boss transacts business in the United States and accepts credit cards and/or debit cards for the payment of merchandise at its retail stores in the United States.

59.     In transacting its business, Hugo Boss employs electronic cash registers, computers, and/or other machines that permit it to uniformly process credit card and debit card payments and transactions. At all times during the class period, its machines which process sales and payment card transactions at the point of sale electronically printed the Class Members' receipts without truncating their payment card expiration dates. At all times during the class period, Hugo Boss was electronically printing its customers' payment card receipts at the point of sale without truncating the expiration dates of their customers' payment cards in violation of 15 U.S.C. § 1681c(g)(1).

60.     On March 23, 2012, Plaintiff engaged in a debit card purchase at a Hugo Boss retail store located in the Fashion Valley mall in San Diego, California. Upon the conclusion of his transaction at the point of sale, Hugo Boss electronically printed his receipt which contained, among other things, the actual four (4) digit expiration date of his debit card.

61.     As described herein, and all time during the class period, Hugo Boss' actions with respect to the electronic printing of credit card and debit card receipts without truncating the expiration dates for the cards was a willful violation of 15 U.S.C. § 1681c(g)(1).

62.     As described herein, despite repeated notice of FACTA's requirements, its apparent knowledge of the requirements, and its attempts to comply with FACTA's requirements, Hugo Boss willfully violated FACTA in conscious disregard of the rights of Plaintiff and the members of the Class thereby exposing Plaintiff and the members of the Class to an increased risk of identity theft and or payment card fraud.

63.     As a result of Defendant's willful violations of FACTA, Defendant is liable

16

to Plaintiff and each member of the Class in the statutory damage amount of "not less than $100 and not more than $1000" for each violation. 15 U.S.C. §1681n(a)(1)(A). Plaintiff and the members of the Class are entitled to recover costs of suit and their reasonable attorneys' fees. 15 U.S.C. §1681n(a)(3). Also, Plaintiff and the members of the Class are entitled to recover punitive damages. 15 U.S.C. §1681n(a)(2).

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for a judgment:

A. Certifying the Class as requested herein;

B. Awarding Plaintiff and the proposed Class Members statutory damages in an amount of "not less than $100 and not more than $1000" for each violation;

C. Awarding Plaintiff and the proposed Class Members only an amount of damages permissible under the United States Constitution, in accordance with due process;

D. Awarding attorneys' fees and costs;

E. Awarding punitive damages according to proof; and

F. Providing such further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial of his claims by jury to the extent authorized by law.

DATED: June 21, 2012   BONNETT, FAIRBOURN, FRIEDMAN
&amp; BALINT, P.C.

 s/ Todd D. Carpenter
Todd D. Carpenter
600 W. Broadway, Suite 900
San Diego, California 92101
tcarpenter@bffb.com
Telephone: (619) 756-6978

BONNETT, FAIRBOURN, FRIEDMAN

17

| | |
|---|---|
| 1 | & BALINT, P.C. |
| | Elaine A. Ryan |
| 2 | Patricia N. Syverson |
| 3 | 2901 N. Central Ave., Suite 1000 |
| | Phoenix, AZ 85012 |
| 4 | eryan@bffb.com |
| | psyverson@bffb.com |
| 5 | Telephone: (602) 274-1100 |

Attorneys for Plaintiff

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
TRAVIS BENWARE, On Behalf of Himself and All Others Similarly

**(b)** County of Residence of First Listed Plaintiff: San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Bonnett Fairbourn Friedman & Balint, 600 W. Broadway, Ste. 900
San Diego, CA 92101, 619-756-6978

## DEFENDANTS
HUGO BOSS, U.S.A., Inc., a Delaware corporation

County of Residence of First Listed Defendant:
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

'12CV1527 L    MDD

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud |  |  | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** |  | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. §1681c(g)
Brief description of cause:
Violation of the Fair and Accurate Credit Transaction Act

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE
DOCKET NUMBER

DATE: 06/21/2012
SIGNATURE OF ATTORNEY OF RECORD: s/Todd D. Carpenter

**FOR OFFICE USE ONLY**
RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE