**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TRAVIS BENWARE, On behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HUGO BOSS, U.S.A., Inc., a Delaware Corporation,,<br><br>Defendant. | CASE NO. 12cv1527-MDD<br><br>ORDER OF PRELIMINARY APPROVAL OF CLASS SETTLEMENT |

Before the Court is Plaintiff's unopposed motion for preliminary approval of class settlement and provisional class certification pursuant to Fed. R. Civ. P. 23.

**BACKGROUND**

On June 21, 2012, Plaintiff Travis Benware, on behalf of himself and all others similarly situated, initiated this action by filing a class action Complaint against Defendant Hugo Boss, U.S.A., Inc. (ECF No. 1). Plaintiff alleged that Defendant violated the Fair and Accurate Credit Transactions Act (FACTA), 15 U.S.C. § 1681c(g)(1), by failing to truncate the expiration date of payment cards on the electronically printed receipts it provides to customers at the point of sale. (Id. at 2).

On August 23, 2012, Defendant filed an Answer to the Complaint. (ECF No. 10). On December 3, 2012, the Court issued a Rule 26 scheduling order and

1 discovery commenced. (ECF. No. 17).

2 On April 12, 2013, a settlement conference was held and a settlement was
3 reached. (ECF No. 26). On July 23, 2013, the parties consented to the jurisdiction
4 of this Court for all purposes.

5 On July 26, 2013, Plaintiff filed the Unopposed Motion for Preliminary
6 Approval of Class Action Settlement and Certification of Settlement Class,
7 accompanied by the declaration of Plaintiff's counsel and several exhibits[1]. (ECF
8 No. 38). Plaintiff requests the Court enter an order that: (1) preliminarily approves
9 the terms of the Settlement; (2) approves the form, the method and plan of notice of
10 the Settlement; (3) conditionally certifies the Class for settlement purposes; and (4)
11 schedules a Final Settlement Hearing and related dates at which the request for final
12 approval of the proposed Settlement and entry of Judgment will be considered.

## TERMS OF PROPOSED SETTLEMENT

14 The proposed settlement class (the "Class") consists of "[a]ll customers of
15 Hugo Boss, U.S.A. Inc., who made a purchase at the Hugo Boss retail store in the
16 United States between June 4, 2018 and July 10, 2012, and received an
17 electronically printed receipt at the point of sale which did not truncate the
18 expiration date of the customer's credit card. Class Members do not include Hugo
19 Boss, U.S.A. Inc., its subsidiaries and affiliates, its officers, directors, employees,
20 any entity in which Hugo Boss, U.S.A., Inc. has a controlling interest, and the legal
21 representatives, successors, or assigns of any such excluded persons or entities. In
22 addition, Class Members do not include the Court or its staff, or the attorneys and
23 staff of counsel for Hugo Boss, U.S.A., Inc." (ECF No. 38-1 at 5).

**I.   Class Benefits**

25 "[Defendant] will create a $550,000.00 fund to provide gift cards valued at up

---

[1] Plaintiff submits the following exhibits: (1)Settlement Agreement and Release (Exh. 1); (2) proposed Detailed Notice (Exh. 1-A); (3) proposed Summary Notice (Exh. 1-B); (4) proposed Postal Notice (Exh. 1-C); (5) proposed Online Claim Form (Exh. 1-D); (6) proposed Printable Claim Form (Exh. 1-E); (7) FACTA settlements (Exh. 2).

to $25.00 which may be used toward the purchase of any retail product, clothing item, or apparel sold at any Hugo Boss retail location in the United States or online at www.hugoboss.com to each class member who submits valid claim form. The gift cards will be stackable, meaning that any single customer may use multiple gift cards in single purchase transaction.  The gifts cards are also fully transferrable and have no expiration date.  The total aggregate value of the Gift Cards redeemed by the Settlement Class will not exceed five-hundred fifty thousand dollars ($550,000.00).  In the event more than twenty-two thousand (22,000) claims are accepted, the total value of the gift cards distributed to the Class will be reduced on a pro-rata basis.  For example, in the event twenty-five thousand (25,000) claims are accepted by the Claims Administrator, the total value of each individual Gift Card would be reduced from twenty-five dollars ($25.00) to twenty-two dollars ($22.00)." (ECF No. 38-1 at 8-9).

**II.   Completing Claim Forms**

"Claim Forms must be made in writing and submitted to the Claims Administrator under penalty of perjury.  The Settlement Class Members must state affirmatively in the Claim Form that they: (a) made purchase at a Hugo Boss retail store in the United States within the class period; and (b) paid with a personal credit card or debit card.  Claim Forms must be returned to the Claims Administrator no later than sixty (60) calendar days after the first issuance of the Class Notices.  The Claims Administrator shall make available on the settlement website (i.e., www.HugoBossClassAction.com) Claim Forms and notices and a frequently asked questions (FAQ) section, to address inquiries of the Settlement Class with questions about the claims process, and shall e-mail Claim Forms and notices to persons who contact it and request such information." (ECF No. 38-2 at 7).

//
//
//

### III. Class Notice

The Notice of Class Action Settlement will be provided through the following methods:

#### A. Email or Direct Mail Notice

Not later than ten (10) calendar days after the Court enters its order granting Preliminary Approval of Settlement, Defendant will notify Class Members of the settlement via first class mail to the addresses in the "Customer Mailing Address Distribution List." During the same ten day time frame, Defendant will notify Class Members of the settlement via email to the email addresses in the "Customer Email Distribution List." Defendant will pay for all costs associated with providing notice to the Class. (ECF 38-2).

#### B. Publication Notice

Within thirty days after the Court enters its order granting Preliminary Approval of Settlement, Defendant shall publish the notice in the national edition of the USA Today newspaper on two weekdays in a one eighth (1/8) page space based upon information in the Summary Notice. (Id.).

### IV. Right to Elect Not to Participate in Settlement

Class Members who intend to opt out of the settlement must do so by sending a written request for exclusion from the class to the Claims Administrator, such notice to be postmarked on or before the Opt-Out and Objection Date. The written request must contain the excluded person's name and address and must be signed by that person; or electronically signed if returned via electronic mail. A Class Member who desires to be excluded but who fails to comply with the opt-out procedure set forth herein shall not excluded from the class. The Claims Administrator shall compile a list of all Class Members who timely send such a written request for exclusion and provide a copy of that list to the Clerk of the Court and to Class Counsel ten (10) calendar days before the Final Settlement Hearing. (ECF No. 38-2 at 15).

**V.     Right to Object to Settlement**

Any Settlement Class Member who does not opt-out and who wishes to object to the Settlement must file a written Objection ("Objection") with the Court, and serve it upon Class Counsel and Counsel for Defendant. Such written statement must be filed with Court and served on counsel for the parties no later than the Opt-Out and Objection Date. To be considered valid, an Objection must provide: (1) the name of the action; (2) the Settlement Class Member's full name, address, and telephone number; (3) all grounds for the objection, accompanied by any legal support for the objection known to the objector or his or her counsel; (4) the identity of all counsel who represent the objector, if any; and, (5) a statement confirming whether the objector intends to personally appear and/or testify at the Final Settlement Hearing. (ECF No. 38-2 at 15).  Class Counsel shall respond to any Objection in support of final approval not later than seven (7) days before the final approval hearing.  Class members who fail to file and serve timely written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the settlement. (ECF No. 38-2 at 16).

**VI.    Opt Out Procedure**

Class Members who intend to opt out of the settlement must do so by sending a written request for exclusion from the class to the Claims Administrator, such notice must be postmarked on or before the Opt-Out and Objection Date.  The written request must contain the excluded person's name and address and must be signed by that person; or electronically signed if returned via electronic mail.  A Class Member who desires to be excluded but who fails to comply with the opt-out procedure set forth herein shall not be excluded from the class.  The Claims Administrator shall compile a list of all Class Members who timely send such a written request for exclusion and provide a copy of that list to the Clerk of the Court and to Class Counsel ten (10) calendar days before the Final Settlement Hearing.

Any Class Member who successfully opts out of the Settlement shall be deemed to have waived any rights or benefits under the Settlement and will have no standing to object to the Settlement.

**VII.  Consent Jurisdiction and Modifications to Settlement**

The Class representatives and the defendants have consented to the jurisdiction of United States Magistrate Judge Mitchell Dembin for all purposes in this case, pursuant to 28 USC § 636 (c), including approval of the settlement and the entry of final judgment.  All citations to this case in the notices and claim forms shall be as follows: *Travis Benware v. Hugo Boss U.S.A., Inc.*, Case No. 3:12-cv-1527-MDD.

The Court reserves the right to approve the Settlement with such modifications, if any, as may be agreed to by Class Counsel and Counsel for Hugo Boss U.S.A., Inc. and without future notice to the Settlement Class Members.

**VIII. Appointment of Class Representative and Class Counsel, Attorneys' Fees and Incentive Award**

Plaintiff Travis Benware shall be provisionally appointed as the Class Representative to implement the Parties' proposed Settlement in accordance with the Settlement Agreement.  Plaintiff's Counsel, Todd Carpenter of Carpenter Law Group is appointed as Class Counsel.  Plaintiff and Class Counsel must fairly and adequately protect the Class' interests.

Hugo Boss has agreed not to oppose or cause any other person to oppose Class Counsel's application for attorneys' fees, costs and expenses in an amount up to, but not to exceed $140,000.00. (ECF No. 38-2 at 8).  Defendant shall pay such award by wire transfer or check to Class Counsel within ten (10) calendar days after Final Approval of the Settlement or the Court's final approval of attorneys' fees and delivery to Defendant of all payment routing information and tax I.D. numbers for Defendant and Class Counsel.

The parties agree to an incentive award to the Class Representative of

1  $3500.00, to be paid not later than ten (10) calendar days after Final Judicial
2  Approval.  (Id. at 9).
3      Defendant will pay its own attorneys' fees and costs and all costs incurred in
4  administering the settlement. (Id. at 8).

## DISCUSSION

"Voluntary conciliation and settlement are the preferred means of disputed resolution in complex class action litigation." *Smith v. CRST Van Expedited, Inc.*, 2013 WL 163293, at *2 (S.D. Cal. Jan. 14, 2013)(citing *Officers for Justice v. Civil Service Com'n of City and County of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982)).  But because "[t]he class action device...is [] susceptible to abuse and carries with it certain inherent structural risks, ... class actions may be settled only with the approval of the district court." *Officers for Justice*, 688 F.2d at 623; see also Fed. R. Civ. P.23(e).  "[A]pproval...involves a two-step process in which the Court first determines whether a proposed class action settlement deserves preliminary approval and then, after notice is given to class members, whether final approval is warranted." *National Rural Telecommunications Cooperative v. DIRECTV, Inc.*, 221 F.R.D. 523, 525 (C.D. Cal. 2004).

Here, the Court is at the preliminary approval stage.  This "initial decision to approve or reject a settlement proposal is committed to the sound discretion of the trial judge." *Officers for Justice*, 688 F.2d at 625.  "Because class members will subsequently receive notice and have an opportunity to be heard on the settlement, th[e] Court need not review the settlement in detail at this juncture." *In re M.L. Stern Overtime Litig.*, 2009 W.L. 995864, at *3 (S.D. Cal. April 13, 2009). However, even at this preliminary stage, "a district court may not simply rubber stamp stipulated settlements." *Kakani v. Oracle Corp.*, 2007 WL 1793774, at *1 (N.D.Cal. June 19, 2007) (citing *Staton v. Boeing Co.*, 327 F. 3d 938, 959-60 (9th cir. 2003)).  "Especially in the context of a case in which the parties reach a settlement by agreement prior to class certification, courts must peruse the proposed

compromise to ratify both the propriety of the certification and the fairness of the settlement." *Staton v. Boeing*, 327 F.3d at 952.

"A party seeking to maintain a class action must be prepared to show that Rule 23(a)'s numerosity, commonality, typicality and adequacy of representation requirements have been met, *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. \_\_\_\_\_, 131 S.Ct. 2541, and must satisfy through evidentiary proof at least one or Rule 23(b)'s provisions." *Comcast Corp. v. Behrend*, 133 S.Ct. 1426, 1429 (2013) (citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. \_\_, 131 S.Ct. 2541 (2013)). Here, Plaintiff seeks certification of a settlement class pursuant to Fed. R. Civ. P. 23(b)(3).

### A. Numerosity

First, a proposed class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "Joinder need not be impossible, as long as potential class members would suffer a strong litigation hardship or inconvenience if joinder were required." *Rannis v. Recchia*, 380 Fed. Appx. 646, 651 (9th Cir. May 27, 2010) (citing *Harris v. Palm Springs Alpine Estates, Inc.,* 329 F.2d 909, 913-14 (9th Cir. 1964)).

Here, the parties assert that "[f]rom June 4, 2008 through July 10, 2012, Hugo Boss allegedly conducted approximately 2,155,978 transactions in violation of 15 U.S.C. § 1681c(g)(1)." (Memo of P's and A's ISO Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class, ECF No. 38 at 16). Accordingly, the Court finds that it is reasonable to conclude "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1).

### B. Commonality

Commonality requires that the class claims depend upon a common contention...[and] must be of such a nature that it is capable of classwide resolution...." *Wal-Mart Stores, Inc. v. Dukes*, \_U.S. \_, 131 S.Ct. 2541, 2551, 180 L.Ed.2d. 374 (2011). In this FACTA case, a class of similarly situated individuals

alleged that Defendant violated FACTA by printing the expiration dates of customers' credit or debit cards on electronically printed receipts. See 15 U.S.C. § 1681c(g)(1).

Pursuant to Rule 23(b)(3) the Court finds that the allegations set forth in Plaintiff's complaint are common to the class members and predominate over any individual members claims, "and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

### C. Typicality

The third Rule 23(a) prerequisite is typicality of claims. "[T]he claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The claims of the class representative must be "reasonably coextensive with those of absent class members." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998).

Plaintiff alleges that he " made a purchase with a payment card at one of Defendant's stores in San Diego, California." (ECF 1 at 3-4). Plaintiff's receipt contained the last four digits of his credit card number and the four-digit expiration date of his credit card. (Id. at 4). Similarly, the proposed settlement class is comprised of individuals who made a credit card or debit card purchase at a Hugo Boss, U.S.A., Inc. retail store in the United States between June 4, 2008 and July 10, 2012. (ECF No. 38 at 1). No claim has been raised by Plaintiff that is unique to himself. Accordingly, the Court finds the typicality prerequisite has been preliminarily satisfied.

### D. Adequacy

"Rule 23(a)(4) permits the certification of a class action only if the 'representative parties will fairly and adequately protect the interests of the class.'" *Staton v. Boeing*, 327 F. 3d. at 957. "To determine whether the representation meets this standard, we ask two questions: (1) Do the representative plaintiffs and their

counsel have any conflicts of interest with other class members, and (2) will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Id.*  Counsel for Plaintiff has submitted a declaration outlining his experience prosecuting complex consumer actions.  (See Carpenter Decl. ¶11, ECF No. 38-4 at 2.)   Based upon the record before the Court, it appears that neither Plaintiff nor his counsel have any conflict of interest with any other class member. The Court finds the adequacy prerequisite has been preliminarily satisfied.

### E.     Predominance and Superiority

In addition to meeting all four of the Rule 23(a) prerequisites, Plaintiff must also meet one of the Rule 23(b) requirements.  As previously stated, Plaintiff seeks certification pursuant to Rule 23(b)(3): (1) "the questions of law or fact common to class members predominate over any questions affecting only individual members," and (2) "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." *Id.*

Predominance concerns whether "questions of law or fact common to the class will predominate over any questions affecting only individual members as the litigation progresses." *Amgen*, 133 S. Ct. at 1195.  In Plaintiff's unopposed motion for preliminary approval of class settlement, Plaintiff asserts the proposed settlement satisfies the predominance requirement because "Class Members are entitled to the same legal remedies premised on the same alleged wrongdoing." (Memo of P's & A's, ECF No. 38 at 19).  "The central issue for every claimant is whether they made a purchase at a Hugo Boss retail store with a payment card and received an electronically printed receipt without the expiration date of their payment card truncated." (Id.)  On these facts, the Court finds that the Rule 23(b)(3) predominance requirement has been preliminarily established.

The Court must next consider whether "a class action [would be] 'superior to other available methods for fairly and efficiently adjudicating the controversy." *Colin v. Jaguar Land Rover North America*, LLC, 619 F.3d 1168,

1175 (9th Cir. 2010) (quoting Fed. R. Civ. P. 23(b)(3))). Whether class certification is the superior method for adjudicating class members' claims, the four factors enumerated in Rule 23(b)(3) must be considered: (a) the class members interests in controlling litigation, (b) the nature of litigation, (c) the desirability of concentrating the litigation of the claims, and, (3) the manageability of the class. "[Consideration of these factors requires the court to focus on the efficiency and economy elements of the class action so that cases allowed under subdivision (b)(3) are those that can be adjudicated most profitably on a representative basis." *Zinser v. Accujix Research Inst., Inc.*, 253 F.3d 1180, 1190 (9th Cir. 2001).

In this case, the small amount of money involved and the expense associated with each class member prosecuting a separate case makes it highly unlikely that individual litigation would be undertaken. "Where damages suffered by each putative class member are not large, this factor weighs in favor of certifying a class action." *See id*. at 1190. A class action would offer those with small claims the opportunity for meaningful redress. Here, the Court finds that the Rule 23(b)(3) superiority requirement has been preliminarily established.

The Court grants preliminary certification of the proposed settlement class.

**III.      Fairness of the Proposed Settlement**

The Court must carefully consider "whether a proposed settlement is fundamentally fair, adequate, and reasonable," understanding that "[i]t is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness...." *Staton v. Boeing Company*, 327 F.3d 938, 952 (9th Cir. 2003) (internal citations omitted). "In making this appraisal, courts have broad discretion to consider a range of factors such as 'the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining a class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the

1 experience and views of counsel; the presence of a governmental participant; and
2 the reaction of the class members to the proposed settlement." *Id.* at 959 (internal
3 citations omitted). "The relative importance to be attached to any factor will depend
4 upon and be dictated by the nature of the claim(s) advanced, the type(s) of relief
5 sought, and the unique facts and circumstances presented by each individual case."
6 *Officers for Justice v. Civil Service Commission of San Francisco*, 688 F.2d 615,
7 625 (9th Cir. 1982).

8 "The first step in district court review of a class action settlement is a
9 preliminary, pre-notification hearing to determine whether the proposed settlement
10 is 'within the range of possible approval.'" *Gautreaux v. Pierce*, 690 F. 2d 616, 621
11 ftnt 3 (7th Cir. 1982). The purpose of Rule 23(e) is to protect the unnamed members
12 of the class from unjust or unfair settlements affecting their rights. *See Davis v. City
13 and County of San Francisco*, 890 F.2d 1438, 1444 n. 5 (9th Cir. 1989).

14 At this juncture, Plaintiff's counsel has sufficiently demonstrated that the
15 procedure for reaching this settlement was fair and reasonable. Weighing all the
16 factors in favor of preliminary approval, the Court finds the settlement is within the
17 range of possible approval. This preliminary determination establishes an initial
18 presumption of fairness. *See In re General Motors Corp. Pick-up Truck Fuel Tank
19 Products Liability Litigation*, 55 F.3d 768, 785 (3rd Cir. 1995).

20 **IV.     Notice**

21 Plaintiff has provided the proposed Detailed Class Notice, Summary
22 Class Notice, Summary Postcard Class Notice, Publication Notice, Online Claim
23 Form, and Printable Claim Form (Pl. Exhs A, B, C, D, E, ECF No. 38-2 at 20-38 ),
24 which are satisfactory to the Court in all respects except one.

25 The Settlement Administrator shall make available an electronic copy of
26 this preliminary approval Order in a prominent location on the Settlement Website.
27 The Settlement Administrator shall include a statement, in a prominent location on
28 the Detailed Class Notice, Summary Class Notice, Summary Postcard Class Notice,

Publication Notice and claim forms, informing the putative class members that a copy of this Order is available on the Settlement Website.

In all other respects, the Court finds that the Notices are reasonably calculated to adequately apprise Class Members of (a) the pending lawsuit, (b) the proposed settlement, and (c) their rights, including the right to either participate in the settlement, exclude themselves from the settlement, or object to the settlement.

## CONCLUSION

IT IS HEREBY ORDERED that the Unopposed Motion for Preliminary Approval of Class Action Settlement (ECF No. 38) filed by Plaintiff Travis Benware is GRANTED as follows:

1. The Settlement Agreement (Pl. Exh.1, ECF No. 38-2 at 1) including the Detailed Class Notice, Summary Class Notice, Summary Postcard Class Notice, Publication Notice and claim forms attached to the Settlement Agreement as Exhibits A-E (Id. at 20-38), are preliminarily approved;

2. The Class is provisionally certified as a class of all persons who made a credit card purchase at a Hugo Boss store in the United States during the period from June 4, 2008 and July 10, 2012, and received an electronically printed receipt at the point of sale which did not truncate the expiration date of the customer's credit card.

3. Defendant Hugo Boss U.S.A. will notify Class Members of the settlement in the manner specified under Section 3.1 and 3.2 of the Settlement Agreement. Defendant will pay all costs associated with claims administration and providing notice to Class Members. No later than ten (10) calendar days before the filing date of Plaintiff's application or motion in support of the Final Approval Order and Judgement, Defendant is to provide Plaintiff with a declaration or declarations from the Settlement Administrator confirming that the notice has been provided in accordance with paragraph 3.5 of the

|   |   |   |
|---|---|---|
| 1 |    | Settlement Agreement; |
| 2 | 4. | The Settlement Administrator shall make available an electronic copy of |
| 3 |    | this preliminary approval Order in a prominent location on the |
| 4 |    | Settlement Website.  The Settlement Administrator shall include a |
| 5 |    | statement, in a prominent location on the Summary Class Notice, |
| 6 |    | Summary Postcard Class Notice, Publication Notice and claim forms, |
| 7 |    | informing putative class members that a copy of this Order is available |
| 8 |    | on the Settlement Website. |
| 9 | 5. | Class Members who want to receive a gift card under the Settlement |
| 10 |    | Agreement must accurately and completely fill out a Claim Form and |
| 11 |    | submit it to the Claims Administrator electronically or by U.S. mail |
| 12 |    | within sixty (60) days after the first issuance of the Class Notices. |
| 13 |    | Timeliness of a Claim Form shall be determined by the date postmarked |
| 14 |    | by the postal service or other expedited delivery service, or, if submitted |
| 15 |    | electronically through the Settlement Website, the date the Settlement |
| 16 |    | Administrator receives the Claim Form, as evidenced by the transmission |
| 17 |    | receipt. |
| 18 | 6. | Class Members who have not submitted a timely written exclusion |
| 19 |    | request pursuant to paragraph 8 below who want to object to the |
| 20 |    | Settlement Agreement must file a written objection and or/ a Notice of |
| 21 |    | Intention to Appear with the Court, and serve copies on Class Counsel |
| 22 |    | and Defendant's Counsel no later than sixty (60) calendar days after the |
| 23 |    | date of this Order. The Objection must state: (a) the Settlement Class |
| 24 |    | Member's full name, current, address and telephone number; (b) state |
| 25 |    | that the Settlement Class Member objects to the Settlement, in whole or |
| 26 |    | in part; (iii) set for the legal and factual bases for the objection; and (iv) |
| 27 |    | Serve copies of the objection on Plaintiff's counsel and Defendant's |
| 28 |    | counsel.  Any Settlement Class Member who wishes to object and appear |

|   |     |                                                                                          |
|---|-----|------------------------------------------------------------------------------------------|
| 1 |     | at the final approval hearing in person instead of submitting only written               |
| 2 |     | objections must include in the written objection a notice of intention to                |
| 3 |     | appear at the final approval hearing. Class Counsel is to respond to any                 |
| 4 |     | Objections and file any additional materials in support of final approval                |
| 5 |     | no later than seven (7) days before the final approval hearing.                          |
| 6 | 7.  | Class Members who fail to object to the Settlement Agreement will: (1)                   |
| 7 |     | be deemed to have waived their right to object to the Settlement                         |
| 8 |     | Agreement; (2) be foreclosed from objecting to the Settlement                            |
| 9 |     | Agreement; and (3) not be entitled to speak at the Fairness Hearing.                     |
| 10| 8.  | Class members who want to be excluded from the settlement must send a                    |
| 11|     | written request to the Claims Administrator postmared on or before the                   |
| 12|     | Opt-Out and Objection Date. The written request must contain the                         |
| 13|     | excluded person's name and address and must be signed by the person                      |
| 14|     | requesting exclusion. A Class Member who desires to be excluded but                      |
| 15|     | who fails to comply with the opt-out procedure set forth herein shall not                |
| 16|     | be excluded from the class. The Claims Administrator shall compile a                     |
| 17|     | list of all Class Members who timely send such a written request for                     |
| 18|     | exclusion and provide a copy of that list to the Clerk of the Court and to               |
| 19|     | Class Counsel ten (10) calendar days before the Final Settlement                         |
| 20|     | Hearing.                                                                                 |
| 21| 9.  | Plaintiff Benware is conditionally certified as the Class Representative to              |
| 22|     | implement the Parties' settlement in accordance with the Settlement                      |
| 23|     | Agreement. Carpenter Law Group is appointed as Class Counsel.                            |
| 24|     | Plaintiff and Class Counsel must fairly and adequately protect the Class'                |
| 25|     | interests;                                                                               |
| 26| 10. | If the Settlement Agreement terminates by its terms for any reason, the                  |
| 27|     | following will occur: (a) this Order will be vacated; (b) class                          |
| 28|     | certification will automatically be vacated. Plaintiff will stop functioning             |

as class representative and Class Counsel will revert to interim class counsel; and (c) this Action will revert to its previous status in all respects as it existed immediately before the Parties executed the Settlement Agreement.

11. Nothing in this Order, the Settlement, or the Settlement Agreement, is or may be construed as, an admission or concession on any point of fact or law by or against any Party.

12. Final Approval Hearing.  A Final Approval Hearing shall be held before this Court on **January 30, 2014** at **3:00 p.m.**, this Court will hold a Fairness Hearing to determine whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate.  All papers supporting Final Approval of the Settlement Agreement must be filed no later than fourteen (14) calendar days before the Fairness Hearing.  This court may order the Fairness Hearing to be postponed, adjourned, or continued.  If that occurs, Defendant will not be required to provide additional notice to Class Members.

DATED:  October 8, 2013

Hon. Mitchell D. Dembin
U.S. Magistrate Judge