UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS BENWARE, On behalf of himself and all others similarly situated,<br><br>                                  Plaintiff,<br>v.<br>HUGO BOSS, U.S.A., Inc., a Delaware Corporation,,<br><br>                                  Defendant. | CASE NO. 12cv1527-MDD<br><br>ORDER OF FINAL APPROVAL OF CLASS  SETTLEMENT |

The matters before the Court are the unopposed Motion for Final Approval of Class Action Settlement (ECF No. 43).  filed by Plaintiff Travis Benware.

**BACKGROUND**

On June 21, 2012, Plaintiff Travis Benware, on behalf of himself and all others similarly situated, initiated this action by filing a class action Complaint against Defendant Hugo Boss, U.S.A., Inc. (ECF No. 1).  Plaintiff alleged that Defendant violated the Fair and Accurate Credit Transactions Act (FACTA), 15 U.S.C. § 1681c(g)(1), by failing to truncate the expiration date of payment cards on the electronically printed receipts it provides to customers at the point of sale. (Id. at 2).

On August 23, 2012, Defendant filed an Answer to the Complaint. (ECF No. 10).  On December 3, 2012, the Court issued a Rule 26 scheduling order and

discovery commenced. (ECF. No. 17).

On April 12, 2013, a settlement conference was held and a settlement was reached. (ECF No. 26). On July 23, 2013, the parties consented to the jurisdiction of this Court for all purposes.

On July 26, 2013, Plaintiff filed the Unopposed Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class, accompanied by the declaration of Plaintiff's counsel and several exhibits[1]. (ECF No. 38). On October 8, 2013, the Court issued an order that (preliminarily approved the settlement agreement; (2) provisionally certified the class; (3) conditionally certified Plaintiff as Class Representative; and (4) appointed Carpenter Law Group as Class Counsel. The October 8, 2013 Order ordered notice and provided detailed information to class members regarding their rights under the Settlement Agreement. (ECF No. 42).

On January 16, 2014, Plaintiff filed a Motion for Final Approval of Class Action Settlement. (ECF No. 43).

On January 30, 2014, the Court held a fairness hearing. (ECF No. 46). No Class members appeared.

## TERMS OF PROPOSED SETTLEMENT

The proposed settlement class (the "Class") consists of "[a]ll customers of Hugo Boss, U.S.A. Inc., who made a purchase at the Hugo Boss retail store in the United States between June 4, 2018 and July 10, 2012, and received an electronically printed receipt at the point of sale which did not truncate the expiration date of the customer's credit card. Class Members do not include Hugo Boss, U.S.A. Inc., its subsidiaries and affiliates, its officers, directors, employees, any entity in which Hugo Boss, U.S.A., Inc. has a controlling interest, and the legal

---

[1] Plaintiff submits the following exhibits: (1)Settlement Agreement and Release (Exh. 1); (2) proposed Detailed Notice (Exh. 1-A); (3) proposed Summary Notice (Exh. 1-B); (4) proposed Postal Notice (Exh. 1-C); (5) proposed Online Claim Form (Exh. 1-D); (6) proposed Printable Claim Form (Exh. 1-E); (7) FACTA settlements (Exh. 2).

1 representatives, successors, or assigns of any such excluded persons or entities.  In
2 addition, Class Members do not include the Court or its staff, or the attorneys and
3 staff of counsel for Hugo Boss, U.S.A., Inc." (ECF No. 38-1 at 5).

## I.     Class Benefits

"Class members have been presented with the opportunity to submit a claim for a $25.00 Gift Card.  The Settlement Administrator received 6,807 timely claims.  Thus, these 6,807 individuals who timely submitted a valid claim will receive Merchandise Certificates in the amount of $25.00.[2]" (Declaration of Jenny Cudworth - Class Administrator, ECF No. 43-4 ¶ 17).

" The Gift Cards may be used toward the purchase of any retail product, clothing item, or apparel sold at any Hugo Boss retail location in the United States or online at www.hugoboss.com.  The Gift Cards will be stackable, meaning that any single customer may use multiple gift cards in single purchase transaction.  The gift cards are also fully transferable and have no expiration date." (ECF No. 38-1 at 9).

## II.    Class Notice

"In compliance with the Court's Preliminary Approval Order dated October 8, 2013 ... HUGO BOSS provided notice to the Class in four ways: Direct Email Notice, Direct Mail Notice, Publication Notice and Website Notice.  The Class Notice ...  described, inter alia, the claims in the lawsuit, the terms of the Settlement, and the procedures for objecting to the Settlement and for electing to be excluded from the Class and the Settlement.  The Notice also informed Class members that they are permitted to appear at the Fairness Hearing on January 30th, either with or without counsel.  HUGO BOSS provided Class members with sufficient notice of the Settlement." (ECF No. 43-1 at 3).

---

[2] Under the Settlement, the actual amount of each Gift Card will be based upon the number of claims accepted.  The total aggregate value of the Gift Cards redeemed by the Settlement Class will not exceed $550,000.00.  In the event more than twenty-two thousand (22,000) claims are accepted, the total value of the gift cards distributed to the Class will be reduced on a pro-rate basis.

### A. Direct Email Notice

"On October 18, 2013, the Settlement Administrator emailed the Summary Email Class Notice to all Class members for whom HUGO BOSS has a valid email address. . . . The Settlement Administrator sent the email to the Email Notice to 98,628 Class members. . . . As of January 14, 2014, 22, 0005, email notices were returned as undeliverable." (Cudworth Decl., ECF No. 43-4 ¶ 8).

### B. Direct Mail Notice

"On October 18, 2014, the Settlement Administrator mailed a postcard containing the Summary Postcard Class Notice . . . to all Class Members for whom HUGO BOSS has a mailing address ans who were not sent the Summary Email Class Notice. . . . The Settlement Administrator sent the Summary Postcard Class Notice to 233,308 Class members. . . . As of January 14, 2014, 47,793 postcard notices were returned without forwarding addresses. . . . The Settlement Administrator re-mailed 5,073 postcard notices to forwarding addresses provided by the U.S. Postal Service." (Cudworth Decl., ECF No. 43-4 ¶ ¶ 12,13).

### C. Publication Notice

"On October 30, 2013, and November 6, 2013, HUGO BOSS published the Publication Notice (Exhibit E to Cudworth Decl.) in the Los Angeles and San Francisco editions of USA Today." (Cudworth Decl., ECF No. 43-4 ¶ 11).

### D. Website Notice

"On October 18, 2013, the Settlement Administrator established a settlement-specific website, located at www.HABClassActionSettlement.com (the 'Settlement Website') for Class members to visit and learn information about the case. The website has online claim filing and email contact capabilities. Additionally, downloadable copies of the Preliminary Approval Order, Long Notice, Settlement Agreement, and Claim Form are available on the website." (Cudworth Decl., ECF No. 43-4 ¶ 7).

### III. Objections to and Exclusions From the Settlement

"Pursuant to the Court's Preliminary Approval Order, Class members were required to file and postmark any objections to the proposed settlement, Class members were required to file and postmark any objections to the proposed settlement on or before December 18, 2013. . . . Similarly, Class members wishing to opt out of the settlement were required to mail a letter electing to exclude themselves from the Class on or before December 18, 2013.  There have been no objections and only Nine (9) valid requests to be excluded. (Cudworth Decl., ECF No. 43-4 ¶15).

### IV. Attorney's Fees, Costs and Incentive Fee Award

"The Preliminary Approval Order appointed Plaintiff Travis Benware as the Class representative, and the law firm Carpenter Law Group as Class Counsel. Plaintiff's counsel's request for Attorneys' Fees, Costs and Incentive Award filed [with the Motion for Final Approval].  Class representative Travis Benware applies for an incentive award of $3,500 and $140,000 in attorneys' fees and costs to Class Counsel." (ECF No. 43-1 at 5).

## DISCUSSION

### I. Class Certification

Plaintiff seeks certification of a settlement class under Federal Rule of Civil Procedure 23(b)(3).  "To obtain certification of a class action . . . under Rule 23(b)(3), a plaintiff must satisfy Rule 23(a)'s [] prerequisites of numerosity, commonality, typicality, and adequacy of representation, and must also establish that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." *Amgen Inc. v. Connecticut Retirement Plans and Trust Funds*, __U.S. ___, 133 S.Ct. 1184, 1191 (2013) (internal citations omitted).  In this case, the Court previously preliminarily certified the proposed settlement class. (ECF No. 42 at 8-

11).  At that time, the Court concluded that the proposed class satisfied the numerosity, commonality, typicality, and adequacy of representation requirements of Rule 23(a).  *Id*.  The Court also found that the proposed class satisfied the predominance and superiority requirements of Rule 23(b)(3).  No party or class member has objected certification of the settlement class.  The Court reaffirms its prior certification of the class for purposes of settlement.

A list of those putative Class members who have timely elected to opt out of the Settlement and the Class, and who are therefore not bound by the Settlement, the provisions of the Settlement Agreement, this Order and the final Judgment to be entered by the Clerk of the Court hereon, has been submitted to the Court in the Declaration of Jenny Cudworth, filed in advance of the Final Approval Hearing.  All other Class members (as permanently certified below) shall be subject to all of the provisions of the Settlement, the Settlement Agreement, this Order, and final Judgment to be entered by the Clerk of Court.

## II.    Notice

Notice to the putative Class members was comprised of individual mailed and emailed notice to all known Class members and steps taken to provide notice to unknown Class members.  The Court finds this notice (I) constituted best notice practicable under the circumstances, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise the putative Class members of the pendency of the action, and of their right to object and to appear at the Final Approval Hearing or to exclude themselves from the Settlement, (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (iv) fully complied with due process principles and Federal Rule of Civil Procedure 23.

## III.   Fairness of the Settlement

### A.    Legal Standard

Courts require a higher standard of fairness when a settlement takes place

prior to formal class certification to ensure class counsel and Defendant have not colluded in settling the case. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). Ultimately, "[t]he court's intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982). "The question [the Court] address[es] is not whether the final product could be prettier, smarter or snazzier, but whether it is fair, adequate and free from collusion." *Hanlon*, 150 F.3d at 1027.

Courts consider several factors when determining whether a proposed "settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) (quoting *Hanlon*, 150 F.3d at 1027). These factors may include one or more of the following: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of class members to the proposed settlement. *Linney v. Cellular Alaska Prtnr'ship*, 151 F. 3d 1234, 1242 (9th Cir. 1998); *see also Torrisi v. Tucson Elec. Power Co.*, 8 F3d 1370, 1376 (9th Cir. 1993) (holding only one factor was necessary to demonstrate that the district court was acting within its discretion in approving the settlement).

**B.   Analysis**

**1.   The strength of the case and the risk, expense, complexity, and likely duration of further litigation**

To determine whether the proposed settlement is fair, reasonable, and

1  adequate, the Court must balance against the risks of continued litigation (including
2  the strengths and weaknesses of Plaintiff's case), the benefits afforded to members
3  of the Class, and the immediacy and certainty of a substantial recovery. *In re Mego*
4  *Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000).

> T he court shall consider the vagaries of the litigation and compare the significance of immediate recovery by way of the compromise to the mere possibility of relief in the future, after protracted and expensive litigation. In this respect, 'It has been held proper to take the bird in hand instead of a prospective flock in the bush.'

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004).

Plaintiff asserts that the settlement is fair and reasonable in light of the risk, expense, complexity, and likely duration of further litigation if the case were to proceed to trial. (ECF No. 43-1 at 9-11).  Specifically, Plaintiff states that he and "his counsel ... have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Class Action, as well as the difficulties and delays inherent in such litigation." (ECF No. 43-1 at 10) (citing Declaration of Todd Carpenter at ¶ 5).  Plaintiff acknowledges the expenses and length of continued proceedings necessary to prosecute the litigation against HUGO BOSS through trial and appeals Id.  In reaching a settlement, Plaintiff has also considered that "[t]his litigation involved complex class action issues, which would involve protracted risky litigation if not settled." *Id.*  The Court agrees, given these risks, actual recovery through settlement confers substantial benefits on the class that outweigh potential recovery through full adjudication.

**2.     The stage of the proceedings**

In the context of class action settlements, as long as the parties have sufficient information to make an informed decision about settlement, "formal discovery is not a necessary ticket to the bargaining table." *Linney*, 151 F.3d at 1239 (quoting *In re Chicken Antitrust Litig.*, 669 F.2d 228, 241 (5th Cir. 1982)) (internal quotations omitted).  In this case, the parties have engaged in formal discovery "allowing Class

1  Counsel and counsel for HUGO BOSS to sufficiently evaluate their positions'
2  strengths and weaknesses, and the probable expense of taking this case to trial."
3  (ECF No. 43-1 at 11).  The parties also engaged in extensive settlement discussions
4  during the pendency of this case.  This case was filed on June 21, 2012, a settlement
5  was reported on April 12, 2013.  Based upon the parties' investigation, discovery,
6  and settlement negotiations that has taken place in this case, granting final approval
7  is justified.

### 3. The settlement amount

To assess whether the amount is fair, the Court may compare the settlement amount to the parties' estimates of the maximum amount of damages recoverable in a successful litigation. *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d at 459. While settlement amounts that are close to the plaintiffs' estimate of damages provide strong support for approval of the settlement, settlement offers that constitute only a fraction of the potential recovery do not preclude a court from finding that the settlement offer is fair. *Id.* (finding settlement amount constituting one-sixth of the potential recovery was fair and adequate).  Thus, district courts have found that settlements for substantially less than the plaintiffs' claimed damages may be fair and reasonable, especially when taking into account the uncertainties involved with litigation. *See Huang v. SBC Services, Inc., et al.*, 3:06cv2238-WMC.

The Complaint in this case alleges that each Class member is entitled to a civil penalty for each violation of the Fair and Accurate Credit Transactions Act (FACTA), 15 U.S.C. § 1681c(g)(1) with statutory damages available in amounts between $100 and $1000 per willful violation.  (ECF No. 1 at 3).  The proposed settlement provides Class members with Gift Cards in the amount of $25.00 to 6,807 Class members.  Based upon the record before it, the Court finds that the amount and terms of the proposed monetary benefits to the Class members are fair and reasonable.

//

**4.   Whether the class has been fairly and adequately represented during the settlement negotiations**

Counsel who represented the class included attorneys at the Carpenter Law Group. The firm is "very experienced in consumer class actions" and "have represented millions of consumers in numerous consumer class actions asserting violations of FACTA and other similar statutory regulations relating to consumer credit transactions." (ECF No. 43-1 at 12). Based upon the record presented, it appears Plaintiff's attorneys are well qualified to conduct this litigation and to assess its settlement value. The Court finds that the Class has been fairly and adequately represented during settlement negotiations.

**5.   The reaction of the class to the proposed settlement**

The Ninth Circuit has held that the number of class members who object to a proposed settlement is a factor the Court may consider in its settlement approval analysis. *Shames* 2012 WL 5392159 at *8 (citing *Mandujano v. Basic Vegetable Prods. Inc.*, 541 F.2d 832, 837 (9th Cir. 1976)). The absence of a large number of objectors supports the fairness, reasonableness, and adequacy of the settlement. *Id.*; *In re Austrian & German Bank Holocaust Litig.*, 80 F. Supp. 2d 164, 175 (S.D.N.Y. 2000) ("If only a small number of objections are received, that fact can be viewed as indicative of the adequacy of the settlement."); *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 624 (N.D. Cal. 1979) (finding "persuasive" the fact that 84% of the class filed no opposition).

In this case, Class Notice was given (either by Direct Email Notice or Direct Mail Notice) to approximately 341,936 potential Class members. (Cudworth Decl., ECF No. 43-4 ¶¶ 8-10). Notice was also given by publication and by website. *Id.* at ¶11. There have been no objections and only nine requests to be excluded. *Id.* at ¶ 15. The lack of objections and the small number of Class members who opted out of the settlement, compared to the large number of Class members who received Notice, favors approval of the settlement.

### 6.     Absence of collusion in the settlement process

In addition to the above considerations, the Court has an obligation to "satisfy itself that the settlement was not the product of collusion." *Browning v. Yahoo! Inc.*, No. 04cv1463(HRL), 2007 WL 4896699, at *38 (N.D. Cal. Nov. 16, 2007).  In this case, the proposed settlement is the product of extensive negotiations conducted at arm's-length among counsel and a neutral mediator.  (ECF No. 43-1 at 13).  "Class counsel and counsel for HUGO BOSS demonstrated they were fully prepared to litigate this case through final judgment." *Id.*   The Court is satisfied that the settlement process did not involve collusion.

### 7.     **Class Action Fairness Act Consideration**

When applicable, special considerations arise in cases involving coupon settlements.  CAFA allows a court to approve a coupon settlement "only after a hearing to determine whether, and making a written finding that, the settlement is fair, reasonable, and adequate for class members." 28 U.S.C. § 1712(e).  Although the "fair, reasonable and adequate" standard is identical to that contained in Rule 23(e)(2), "several courts have interpreted section 1712(e) as imposing a heightened level of scrutiny in reviewing such settlements." *True v. American Honda Motor Co.*, 749 F. Supp. 2d 1052, 1069 (C.D. Cal. 2010) (internal quotations omitted).

The Court must determine whether CAFA applies to the settlement in this case.  Although CAFA defines other terms, it does not define what constitutes a "coupon."  See 28 U.S.C. § 1711.  Courts have often blurred the distinction between coupons and vouchers.  However, they are not equivalent. *See Foos v. Ann, Inc.*, 11cv2794-L(MDD), 2013 WL 5352969, at *2 (S.D. Cal Sept. 24, 2013).

> The distinction between a coupon and a voucher is that a coupon is a discount on merchandise or services offered by the defendant and a voucher provided for free merchandise or services. . . . A coupon requires a class member to purchase a product or services and pay the difference between full price and the coupon discount. . . . In contrast, a voucher is more like a gift card or cash where there is an actual cash value, is freely transferable, and does not require the class members to spend any additional money in order to realize the benefits of the settlement.

*Id.*

The terms of the settlement agreement here, provides that the class members who timely submitted a valid claim will receive a Gift Card in the amount of $25.00. (Cudworth Decl., ECF No. 43-4, Exh. A).  "The gift cards will be stackable, meaning that any single customer may use multiple gift cards in a single purchase transaction.  The gift cards are also fully transferable and have no expiration date." (ECF No. 42 at 3).  The Court finds these gift cards fall under the voucher rubric for class settlement purposes, and CAFA does not apply.

Nevertheless, even if CAFA did apply, the Court has applied the "heightened analysis" required by the statute.  Specifically, the Court has satisfied CAFA's requirement that a hearing be held and the Court's findings be in writing. See 28 U.S.C. § 1712(e).  The Court is satisfied that its examination of the settlement in this case "guards against the public perception that attorneys exploit the class action device to obtain large fees at the expense of the class." *Strong v. BellSouth Telecomm, Inc.*, 137 F.3d 844, 849 (5th Cir. 1998).

### C. Conclusion

The Court finds that the settlement is fundamentally "fair, adequate and reasonable" pursuant to Rule 23(e), and that no evidence of collusion exists.  The Court grants the Motion for Final Approval of Class Action Settlement. (ECF No. 43).

### IV. Motion for Attorney's Fees and Costs

Plaintiff is requesting an award of $140,00.00 in attorney's fees and costs, and a $3500.00 incentive award to the named Plaintiff, Travis Benware.

### A. Relevant Law

Rule 23(h) of the Federal Rules of Civil Procedure provides that, "[i]n a certified class action, the court may award reasonable attorneys' fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). "Attorneys' fees provisions included in proposed class settlement agreements are, like every other aspect of such agreements,

1  subject to the determination whether the settlement is 'fundamentally
2  fair, adequate, and reasonable.'" *Elenor Staton, et al. v. Boeing Company*,
3  327 F.3d 938, 963 (9th Cir. 2003).  "[A] district court must carefully
4  assess the reasonableness of a fee amount spelled out in a class action
5  settlement agreement." *Id*.

6      The Ninth Circuit has approved two different methods of
7  calculating a reasonable attorneys' fee depending on the circumstance.
8  "The lodestar method is appropriate in class actions brought under a fee-
9  shifting statute (such as federal civil rights, securities, antitrust,
10 copyright, and patent acts). . . ." *In re Bluetooth Headset Products
11 Liability Litigation*, 654 F.3d 935, 941 (9th Cir. 2011).[3]  "Where a
12 settlement produces a common fund for the benefit of the entire class,
13 courts have discretion to employ either the lodestar method or the
14 percentage-of-recovery method." *Id*. at 942 (citing *In re Mercury
15 Interactive Corp*., 618 F.3d 988, 992 (9th Cir. 2010).  The Ninth Circuit
16 has held: "Because the benefit to the class is easily quantified in
17 common-fund settlements, we have allowed courts to award attorneys a
18 percentage of the common fund in lieu of the often more time-consuming
19 task of calculating the lodestar." *Id*.  Twenty-five percent of the recovery
20 has been established as a benchmark for attorneys' fees calculations
21 under the percentage-of-recovery approach.  *Powers v. Eichen*, 229 F.3d
22 1249, 1256 (9th Cir. 2000).

23     **B.  Analysis**

24     The Court applies the percentage-of-recovery method to calculate
25 and evaluate the attorneys' fees because this is a common fund

---

[3]"The lodestar figure is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation (as supported by adequate documentation) by a reasonable hourly rate for the region and for the experience of the lawyer." *Staton*, 327 F.3d at 965.

1 settlement case. Under the terms of the Settlement, counsel for Hugo
2 Boss agreed not to oppose Plaintiff's counsel's request for fees and costs
3 up to $140,000. *(Order of Preliminary Approval of Class Settlement*, ECF
4 No. 42, pg. 6). At the hearing for final approval of class action
5 settlement held January 30, 2014, however, counsel for Hugo Boss
6 argued for an award of fees based upon a percentage of the actual benefit
7 paid to the class which was approximately $170,175, at the time of the
8 final approval hearing versus a percentage of the total settlement fund of
9 $550,000. (Cudworth Decl., ECF No. 43-4). Other than stating a general
10 opinion, counsel for Hugo Boss made no formal argument to support
11 their position.

12 The Court determines that an award of attorneys' fees and costs to
13 class counsel under the common fund doctrine in the amount of
14 $137,500, representing 25.00% of the total value of the settlement fund
15 to the Class is fair, reasonable and appropriate. Counsel for the Class
16 performed work which benefitted the Class and expended time and effort
17 litigating this matter. An award of attorneys' fees in this amount
18 compares favorably to the accepted benchmark of attorneys' fees awards
19 in common fund cases. The work on behalf of the Class resulted in a
20 common fund with a total settlement value of $550,000. The Court finds
21 that the results achieved justify the award. The payment of fees and
22 costs to Class Counsel shall be made in accordance with the terms of the
23 Settlement.

24 **C. Conclusion**

25 The Court approves the award of attorneys' fees, as well as Class
26 Counsel's request for litigation costs and expenses, in the total amount of
27 $137,500.
28 //

## V. Class Representative Award

Class Representative Travis Benware requests a $3500 incentive payment to compensate him for his services as a court appointed Class Representative. (Declaration of Travis Benware, ECF No. 43-3 ¶ 8) No Class member has objected to the Class Representative's requested incentive payment.  The parties have agreed that the Class Representative's requested incentive award is reasonable because he spent "a significant amount of time and effort to bring and maintain this lawsuit. . . ." *Id*.   The Court approves the $3500 incentive award for Plaintiff Travis Benware.

## CONCLUSION

IT IS HEREBY ORDERED that the motion for final approval of class action settlement (ECF No. 43 ), including the motion in support of award of attorneys' fees, costs and incentive awards are GRANTED as follows:

1. The Settlement and Settlement Agreement are hereby approved as fair, reasonable, adequate, and in the best interests of the Class, and the requirements of due process and Federal Rule of Civil Procedure 23 have been satisfied.  The parties are ordered and directed to comply with the terms and provisions of the Settlement Agreement.

2. The Court, having found that each of the elements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) are satisfied, for purposes of settlement only, the Class is permanently certified pursuant to Federal Rule of Civil Procedure 23, on behalf of the following persons:

> **All customers who, within the applicable statute of limitations, made a purchase at a Hugo Boss retail store in the United States between June 4, 20108 and July 10, 2012 and received an electronically printed receipt at the point of sale which did not truncate the expiration date of the customers' payment card.**

The Class members identified in the Declaration of Jenny Cudworth

(ECF No. 43-4, ¶ 4) as having timely and properly elected to opt out from the Settlement and Class are hereby excluded from the Class and shall not be entitled to any of the benefits afforded to the Class members under the Settlement Agreement.  The Court adopts and incorporates by reference its preliminary conclusions as to the satisfaction of Rules 23(a) and (b)(3) set forth in the Preliminary Approval Order (ECF No. 42) and notes again that because this certification of the Class is in connection with the Settlement rather than litigation, the Court need not address any issues of manageability that may be presented by certification of the class proposed in the Settlement Agreement.

3. For purposes of Settlement only, the named Plaintiff is certified as Representative of the Class and Class Counsel is appointed to the Class.  The Court concludes that Class Counsel and the Class Representative have fairly and adequately represented the Class with respect to the Settlement and the Settlement Agreement.

4. Notwithstanding the certification of the foregoing Class and appointment of the Class Representative, for purposes effecting the Settlement, if this Order is reversed on appeal or the Settlement Agreement is terminated or is not consummated for any reason, the foregoing certification of the Class and appointment of the Class Representative shall be void and of no further effect, and the parties to the proposed Settlement shall be returned to the status each occupied before entry of this Order without prejudice to any legal argument that any of the parties to the Settlement Agreement might have asserted but for the Settlement Agreement.

5. Plaintiff and all Class members who are not excluded shall be deemed to fully and irrevocably release, waive, and discharge Defendant and each of its respective past, present and future owners, stockholders,

1 parent corporations, related or affiliated companies, subsidiaries,
2 officers, directors, shareholders, employees, agents, principals, heirs,
3 representatives, accountants, attorneys, auditors, consultants, insurers
4 and re-insurers, and their respective successors and predecessors in
5 interest, from any and all past, present, and future liabilities, claims,
6 causes of actions (whether in contract, tort, or otherwise, including
7 statutory, common law, property, and equitable claims), damages, costs,
8 attorneys' fees, losses, or demands, whether known or unknown, existing
9 or potential, or suspected or unsuspected, which Plaintiffs and all Class
10 members have or may have arising out of or relating to any act,
11 omission, or other conduct alleged or otherwise referred to in the Action
12 (the "Released Claims").

13     6.    With respect to the Released Claims, Plaintiff and all Class
14 Members who are not excluded shall be deemed to have, and by
15 operation of the Final Judgment shall have, expressly waived and
16 relinquished, to the fullest extent permitted by law, the provisions,
17 rights and benefits of Section 1542 of the California Civil Code, or any
18 other similar provision under federal or state law that purports to limit
19 the scope of the general release.  Section 1542 provides:

20     A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
21     WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT
22     TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING
23     THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE
24     MATERIALLY AFFECTED HIS SETTLEMENT WITH THE
25     DEBTOR.

26     7.    The Court has reviewed the application for an award of fees,
27 costs, and expenses submitted by Class Counsel and the exhibits,
28 memoranda of law, and other materials submitted in support of that

1  application.  The Court recognizes that Defendant has not opposed the
2  application for an incentive award of $3500.00 to be paid by Defendant
3  and an award of attorneys' fees and costs of $137,500.00 to be paid by
4  Defendant.  This agreement is in addition to the other relief to be
5  provided to Class members under the Agreement.  On the basis of its
6  review of the foregoing, the Court finds that Class Counsel's request for
7  attorneys' fees and expenses is fair, reasonable, and appropriate and
8  hereby awards fees and expenses to Class Counsel in the aggregate
9  amount of $137,500.00 and an incentive award to Plaintiff in the amount
10 of $3500.00 to be paid by Defendant in accordance with the terms of the
11 Settlement Agreement.
12       8.    Neither the Settlement Agreement nor any provision therein,
13 any negotiations, statements or proceedings in connection therewith
14 shall be construed as, or deemed to be evidence of, an admission or
15 concession on the part of the Plaintiff, any Class Member, Defendant, or
16 any other person of any liability or wrongdoing by them, or that the
17 claims and defenses that have been, or could have been, asserted in the
18 action are or are not meritorious, and this Order, the Settlement
19 Agreement or any such communications shall not be offered or received
20 in evidence in any action or proceedings, or be used in any way as an
21 admission or concession or evidence of liability or wrongdoing of any
22 nature or that Plaintiff, any Class member, or any other person has
23 suffered any damage; provided, however, that the Settlement
24 Agreement, this Order, and the final Judgment to be entered thereon
25 may be filed in any action by Defendant or Class members seeking to
26 enforce the Settlement Agreement or the final Judgment by injunctive or
27 other relief, or to assert defenses including, but not limited to, res
28 judicata, collateral estoppel, release, good faith settlement, or any theory

of claim preclusion or issue preclusion or similar defense or counterclaim. The Settlement Agreement's terms shall be forever binding on, and shall have res judicata and preclusive effect in, all pending and future actions or other proceedings as to Released Claims and other prohibitions set forth in this Order that are maintained by, or on behalf of, the Class members or any other person subject to the provisions of this Order.

9. In the event that the Settlement Agreement does not become effective or is cancelled or terminated in accordance with the terms and provisions of the Settlement Agreement, then this Order and the final Judgment shall be rendered null and void and be vacated and all orders entered in connection therewith by this Court shall be rendered null and void.

10. The action and the claims alleged therein are hereby ordered DISMISSED with prejudice.

11. Without in any way affecting the finality of this Order and the final Judgment, the Court hereby retains jurisdiction as to all matters relating to the interpretation, administration, and consummation of the Settlement Agreement.

DATED: March 5, 2014

Hon. Mitchell D. Dembin
U.S. Magistrate Judge